NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TOSIN ADEGBUJI,                          :

        Plaintiff,        :
                                  Civil Action No. 04-1613(JWB)
    v.                               :

                                        O P I N I O N
FIFTEEN IMMIGRATION AND                  :
CUSTOMS ENFORCEMENT AGENTS,
(in their individual and                 :
official capacities),
                                   :
        Defendants.
                                   :

**APPEARANCES**:

    TOSIN ADEGBUJI, pro se
    438 Martin Glen Court
    Lawrenceville, Georgia  30045

**BISSELL**, Chief Judge

This matter comes before the Court on Plaintiff's motion for reconsideration of this Court's Order and Opinion entered on January 10, 2005.

### BACKGROUND

On April 5, 2004, Plaintiff Tosin Adegbuji ("Plaintiff") filed a Complaint ("the Complaint") in this Court against fifteen agents with the Bureau of Immigration and Customs Enforcement

("ICE").[1]  Plaintiff brought this action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 409 F.2d 718 (2d Cir. 1969) asserting claims of excessive force, illegal search and seizure, denial of due process and equal protection, and false arrest and imprisonment. See Compl. at 4. On January 10, 2005, this Court dismissed the Complaint with prejudice, in its entirety, as against all defendants, for failure to state a claim. See Adegbuji v. Fifteen Immigration and Customs Enforcement Agents, 04-1613(JWB) at 22 (Opinion) (January 10, 2005).  In addition, this Court dismissed without prejudice for failure to exhaust administrative remedies Plaintiff's tort claims, which asserted loss of personal property and assault and battery by federal immigration agents under the FTCA. See id. at 23.

**FACTS**

This opinion will rely on the facts as presented in its January 10, 2005 Opinion.  See id. at 2-6.  Additional facts presented here will be appropriately cited.

---

[1]  Effective March 1, 2003, the Immigration and Naturalization Service ("INS") ceased to exist as an agency of the Department of Justice, and its functions were transferred to the DHS.  See Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (Nov. 25, 2002).  The Bureau of Immigration and Customs Enforcement ("ICE") of the DHS is responsible for the interior investigation and enforcement functions that were formally performed by the INS.

**DISCUSSION**

**I. Motion for Reconsideration Standard**

A motion for reconsideration is governed by Local Civil Rule 7.1(i).  It requires that the moving party "set forth concisely the matters or controlling decisions which counsel believes the [court] has overlooked."  Pittston Co. v. Sedgwick James of New York, Inc., 971 F. Supp. 915, 918-919 (D.N.J. 1997).  Thus, a party "must show more than a disagreement with the court's decision."  Panna v. Firstrust Sav. Bank, 760 F. Supp. 432, 435 (D.N.J. 1991).

A mere "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  Carteret Sav. Bank, F.A. v. Shushan, 721 F. Supp. 705, 709 (D.N.J. 1989).  "Only where the court has overlooked matters that, if considered by the court, might reasonably have resulted in a different conclusion, will it entertain such a motion."  Re: United States v. Compaction Sys. Corp. et al., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

**II. Plaintiff's Arguments**

Plaintiff argues that the Court, "overlooked several matters of law and facts in dismissing the claims" and, "that an intervening change in the law or controlling precedent has just occurred which implicated the judgment of the district court relating to my conviction, the underlying violation of probation

and the 1995 warrant of arrest issued...by the Southern District of New York." Pl.'s Br. in Supp. of Mot. for Recons. ("Pl.'s Br.") at 5. The Plaintiff's three main claims are: (1) that the Court overlooked the severity of his injuries; (2) habeas corpus claims; and (3) the Court should reexamine Plaintiff's case in regards to the change in law stemming from the recent Supreme Court decision United States v. Booker, 125 S.Ct. 738 (2005). The Court will address each of Plaintiff's claims in turn.

### III. Analysis

#### (A) Severity of Injury

Plaintiff argues that this Court's analysis overlooked the severity of the injuries to his elbow, ankle and head while he was in custody. See Pl.'s Br. at 11. The injuries sustained, according to the Plaintiff, were not de minimis physical injuries, but were more severe. See id. Plaintiff further claims that the injuries were inflicted maliciously. See id. Plaintiff also asserts that subsequently a medical doctor diagnosed him with emotional distress and mental anguish as a result of the alleged injuries. See id.

This Court's Opinion entered on January 10, 2005 held that Plaintiff did not allege any serious or permanent physical injuries. See Adegbuji v. Fifteen Immigration and Customs Enforcement Agents, 04-1613(JWB) at 11 (Opinion)(January 10,2005). Furthermore, this Court found that Plaintiff offered

no evidence that the Defendants intentionally caused him harm. <u>See</u> <u>id.</u>  This Court emphasized that Plaintiff did not allege that the Defendants caused anything more than <u>de</u> <u>minimis</u> physical injury. <u>See</u> <u>id.</u>  This Court concluded that, "[u]nintentional and <u>de</u> <u>minimis</u> harm does not rise to the level of a constitutional deprivation." <u>See</u> <u>id.</u>

In the instant motion, Plaintiff simply reiterates facts included in the Complaint to support his argument.  Plaintiff offers no new evidence of physical injury. It should be noted that Plaintiff suggests a medical doctor diagnosed him with emotional distress and mental anguish, but he has offered no evidence of such a diagnosis.

As discussed previously, a party is required to show more than a mere disagreement with the Court's decision.  <u>See</u> <u>Panna</u>, 760 F. Supp. at 435.  Moreover, a party may not simply present the identical arguments already considered by the Court.  <u>See</u> <u>Carteret Sav. Bank</u>, 721 F. Supp. at 709.  Plaintiff, however, does exactly that:  he relies solely on the arguments already presented to this Court.  On this issue plaintiff does not present any "overlooked" issues of fact or law that would entitle him to reconsideration.  Therefore, the Plaintiff's Complaint was properly dismissed with prejudice in its entirety as against all defendants.

**(B) <u>Habeas Claims</u>**

Plaintiff petitions this Court to address issues regarding his prior record and deportation. <u>See</u> Pl.'s Br. at 5-11. Additional habeas claims are outside the scope of a reconsideration motion.  Hence, this Court will not address the merits of these new habeas claims.

**(C) <u>Change in the Law Claims</u>**

The Supreme Court has held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  <u>Blakey v. Washington</u>, 124 S.Ct. 2531, 2536 (2004).  When Plaintiff filed his reply, <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), had not been decided.  "Drawing upon its reasoning in <u>Jones</u>[2], <u>Apprendi</u>[3] and <u>Blakely</u>, the <u>Booker</u> majority held that mandatory enhancement of a sentence under the Guidelines, based on facts found by the court alone, violates the Sixth Amendment."  <u>United States v. Davis</u>, 2005 WL 976941, *1 (3d Cir. April 28, 2005).  To redress this infirmity, the Supreme Court excised the provision of the statute which made the application of the Guidelines mandatory.

The <u>Booker</u> decision "brought about sweeping changes in the realm of federal sentencing."  <u>See</u> <u>Davis</u>, at *1.  However, <u>Booker</u>

---

[2] <u>Jones v. United States</u>, 526 U.S. 227 (1999).

[3] <u>Apprendi v. New Jersey,</u> 530 U.S. 466(2000).

is only applicable to cases on direct review from the sentence imposed.  Therefore <u>Booker</u> does not apply to Plaintiff's present claims which are collateral to the 1993 conviction which he presents to this Court.  <u>See</u> Motion for Reconsideration, ¶ 25.  Indeed Plaintiff's present motion expressly states that his direct appeal from that conviction was unsuccessful for his conviction was "affirmed on May 16, 1994...."  <u>Id</u>. at ¶ 29.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration of this Court's order of dismissal entered on January 10, 2005 is DENIED.


/s/     John W. Bissell
JOHN W. BISSELL
Chief Judge
United States District Court


DATED:  August 15, 2005

-7-